# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARA EMILIE WANDERER,

    Plaintiff,

v.

STATE OF NEVADA,

    Defendant.

Case No. 2:07-CV-00122-KJD-PAL

**ORDER**

    Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (#31). Plaintiff filed a response in opposition (#37) to which Defendant replied (#42). Also before the Court is Plaintiff's Countermotion for Summary Judgment (#40). Defendant filed a response in opposition (#43) to which Plaintiff replied (#44).

I.  Facts and Procedural History

    Plaintiff alleges that on December 13, 2005, she was driving from Las Vegas to her home in Pahrump, Nevada on State Road 160, also known as Blue Diamond Road. Plaintiff alleges that she was driving within the posted speed limit and that road and weather conditions were clear. As Plaintiff approached a curve in the road, an object struck and shattered Plaintiff's windshield. As she attempted to steer into the right hand utility lane, the wheels on the right side of her car dropped onto the shoulder gravel. While attempting to adjust by turning the wheels left, the rear of her car

1  continued to swing further into the shoulder.  Plaintiff alleges that the difference in height between

2  the asphalt and the gravel shoulder trapped her front right tire and caused Plaintiff to lose control of

3  the vehicle.  Her vehicle turned left across the west bound travel lane and entered the east bound

4  travel lane into the path of a vehicle operated by Garfield Griffith.  The cars collided and the impact

5  killed Griffith and caused serious injury to Plaintiff.

6         On June 16, 2006, Plaintiff ("Wanderer") was charged by the Clark County District Attorney

7  with vehicular manslaughter, a misdemeanor under Nevada Revised Statute 484.3775.  The statute,

8  in pertinent part reads: "A person who, while driving or in actual physical control of any vehicle,

9  proximately causes the death of another person through an act or omission that constitutes simple

10  negligence is guilty of vehicular manslaughter and shall be punished for a misdemeanor."  N.R.S.

11  484.3775 (1).  The criminal complaint stated that Plaintiff proximately caused the death of Griffith

12  through an act of simple negligence "by failing to maintain travel lane and cross over into oncoming

13  traffic result[sic] in an accident[.]" Criminal Complaint, Exhibit 9, Affidavit of Mara Emilie

14  Wanderer.  Wanderer entered a not guilty plea.  Her state court trial is currently set for November 28,

15  2007.

16         On March 2, 2007, Plaintiff filed her Amended Complaint for Declaratory and Injunctive

17  Relief (#26).  Plaintiff seeks: (1) a declaration that NRS 484.3775, facially and as applied, violates

18  her rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments of the United States

19  Constitution; (2) to enjoin her criminal prosecution by Defendant; and (3) an injunction prohibiting

20  the enforcement of NRS 484.3775.  In response, Defendant has filed a motion to dismiss asserting

21  that under Younger v. Harris, 401 U.S. 37 (1971) a district court is required to abstain in favor of

22  state proceedings.

23  II.  Analysis

24         A district court should abstain under Younger when: (1) there are ongoing state judicial

25  proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings

26  provide the plaintiff with an adequate opportunity to raise federal claims.  See Meredith v. Oregon,

1    321 F.3d 807, 817-18 (9th Cir. 2002).  Younger abstention is appropriate "only when the federal

2    relief sought would interfere in some manner in the state court litigation."  Id. at 818.  The Younger

3    abstention doctrine reflects a strong federal policy against federal interference with ongoing state

4    proceedings.  See Green v. City of Tuscon, 255 F.3d 1086, 1093 (9th Cir. 2001)(overruled on other

5    grounds, Gilbertson v. Albright, 381 F.3d 965, 968-69 (9th Cir. 2004)).  "The interests of comity,

6    federalism, economy, and the presumption that state courts are competent to decide issues of federal

7    constitutional law underlie Younger abstention."  Comms. Telesystems Int'l v. Cal. Pub. Util.

8    Comm'n, 196 F.3d 1011, 1015 (9th Cir. 1999).

9           The first requirement for Younger abstention is clearly met because at the time the complaint

10   was filed in federal court, Plaintiff was the subject of a pending criminal prosecution in state court.

11   See Dubinka v. Judges of the Super. Ct. of the State of Cal., 23 F.3d 218, 223 (9th Cir. 1994).  The

12   Supreme Court has held that Younger abstention applies to prevent federal intervention in state

13   judicial proceedings in which the losing litigant has not exhausted his state appellate remedies.  See

14   Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11 (1975).

15          The second requirement for Younger abstention is also clearly met because enforcing state

16   criminal statutes and providing for the public welfare through those statutes undeniably implicates

17   important state interests, and Plaintiff has not denied that this requirement for Younger abstention

18   has been met.  Federal equity power must refrain from staying state prosecutions to question the

19   constitutional validity of the statute on which a prosecution is based.  See, e.g., Kugler v. Helfant,

20   421 U.S. 117, 130 (1975); Stefanelli v. Minard, 342 U.S. 117, 123 (1951); Dubinka, 23 F.3d at 223.

21          Finally, the third requirement, that the state proceedings provide Plaintiff with adequate

22   opportunity to raise federal claims, is satisfied because Plaintiff may raise her constitutional

23   challenges in the state proceedings.  The only argument that Plaintiff makes that she cannot raise

24   constitutional arguments is identical to her argument that special circumstances exist allowing an

25   exception to the general rule.  See Fenner v. Boykin, 271 U.S. 240, 243 (1926)(courts may not enjoin

26   state officers from instituting criminal actions "except under extraordinary circumstances, where the

1   danger of irreparable loss is both great and immediate").  Plaintiff argues that the Nevada Supreme

2   Court has limited her defenses to the prosecution, by holding that the only affirmative defense

3   available in vehicular manslaughter cases is intervening superseding cause.  See

4   Williams v. Nevada, 50 P.3d 1116, 1125-26 (Nev. 2002); Etcheverry v. Nevada, 821 P.2d 350, 351

5   (Nev. 1991).  However, neither of those cases hold that the only affirmative defense is intervening

6   superseding cause.  Furthermore, those cases involve Nevada's statutes penalizing driving under the

7   influence of intoxicating liquor or controlled or prohibited substances rather than misdemeanor

8   vehicular manslaughter charges.  Additionally, both cases were decided prior to the 2005 enactment

9   of NRS 484.3775.  While the cases may be instructional, the Nevada Supreme Court has not yet had

10  the opportunity to address the issues raised by Plaintiff Wanderer as they apply to the 2005 statute.

11          "The accused should first set up and rely upon [her] defenses in the state courts, even though

12  this involves a challenge of the validity of some statute, unless it plainly appears that this course

13  would not afford adequate protection."  See Fenner, 271 U.S. at 244.  Here, Plaintiff has failed to

14  raise the claims with the state court even though she argues that existing precedent aids her claim that

15  an alternative affirmative defense exists.[1]  Plaintiff has failed to show that any state procedural law

16  bars presentation of her claims.  See Pennzoil Co. v. Texaco, Inc., 481U.S. 1, 14-16 (1987).

17  Defendant need only show that Plaintiff has an opportunity to present her federal claims in the state

18  proceedings.  See Judice v. Vail, 430 U.S. 327, 337 (1977).  This may be true even when a state

19  supreme court has previously rejected an identical argument.  See Duty Free Shop, Inc. v.

20  Adminstracion De Terrenos, 889 F.2d 1181 (1st Cir. 1989)(state courts must deprive plaintiff of an

21  opportunity to make a constitutional argument); Lebbos v. Judges of Super. Ct., 883 F.2d 810, 815

22  (9th Cir. 1989)(plaintiff must show that she is barred from raising federal claims in state court).

23  Defendant has met its burden and Plaintiff has failed to meet hers.  Therefore, since Defendant has

24  _____

25      [1]Plaintiff quotes State v. Byers, 58 Nev. 125, 127 (1937) for the proposition that it would be improper to take away from the jury the issue of whether an accident is unavoidable or the proximate
    result of a wrongful act.  However, the quoted portion is not found in Plaintiff's citation, nor could
26  the Court locate it in any other Nevada case.

4

1    met all the requirements of Younger and Plaintiff has not established any extraordinary

2    circumstances, the Court must grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for

3    Summary Judgment as moot.

4    III.  Conclusion

5          Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's

6    Amended Complaint (#31) is **GRANTED**;

7          IT IS FURTHER ORDERED that Plaintiff's Countermotion for Summary Judgment (#40) is

8    **DENIED as moot**.

9          DATED this 7th day of October 2007.

10

11

12    _____

13    Kent J. Dawson
      United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26